UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY SANDEFUR,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>KYLE OLSEN, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:21-cv-00125-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Petitioner Bradley Sandefur, who is incarcerated at Nevada's Warm Springs Correctional Center. In his habeas petition, Sandefur challenges three convictions, which were entered on guilty pleas, in Nevada's Second Judicial District Court in Washoe County. (ECF No. 10.) Respondents' response to Sandefur's petition was due by September 30, 2021. (ECF No. 9 at 2.) On September 30, 2021, Respondents filed a Motion for Clarification (ECF No. 15) and a Motion for Enlargement of Time (EF No. 13). Sandefur did not respond to either of those motions.

In the Motion for Clarification, Respondents inquire whether the Court "intend[s] for Respondents to address all three criminal cases being challenged in one motion to dismiss or whether separate petitions should be filed." (ECF No. 15 at 1.) The Court grants the motion and provides the following clarification. The Court intends for Respondents to respond to the petition as presented by Sandefur, challenging all three of his convictions.

Rule 2(e) of the Rules Governing Section 2254 Cases ("Habeas Rules") states:

> A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

Habeas Rule 2(e). The Advisory Committee Notes to that rule state:

> Subdivision (d) provides that a single petition may assert a claim only against the judgment or judgments of a single state court (i.e., a court of the same county or judicial district or circuit). This permits, but does not require, an attack in a single petition on judgments based upon separate indictments or on separate counts even though sentences were imposed on separate days by the same court. A claim against a judgment of a court of a different political subdivision must be raised by means of a separate petition.

Habeas Rule 2(e), Advisory Committee Notes (referring to the rule as then codified Habeas Rule 2(d)). *See also Bianchi v. Blodgett*, 925 F.2d 305, 308–11 (9th Cir. 1991) (applying then Habeas Rule 2(d)); *Silva v. Russell*, Case No. 3:20-cv-00270-RCJ-WGC, 2020 WL 5645335, at *1 (D. Nev. Sept. 22, 2020) ("Silva … cannot challenge a judgment of conviction of the Eighth Judicial District Court and a judgment of conviction of the Las Vegas Justice Court in the same federal habeas corpus petition."); *Smith v. Baker*, Case No. 3:17-cv-00579-MMD-VPC, 2017 WL 4467546, at *1 n.1 (D. Nev. Oct. 6, 2017) ("Habeas Rule 2(e) does not prohibit petitioner from challenging in a single federal petition a conviction in two different cases from the same state court.").

    The Court has examined Sandefur's petition and notes that his three convictions, all entered in the same court, are closely related. The Court observes that for the most part, Sandefur's claims generally relate to all three of his convictions, the interplay between the sentences on his three convictions is central to his claims, and the Nevada court of appeals ruled on his state habeas challenges to the three convictions in a single order. The Court finds that the interests of justice and judicial economy will be best served by adjudicating Sandefur's federal habeas challenges to his three convictions in a single petition, as he has presented them.

    In their Motion for Enlargement of Time, Respondents request a 75-day extension of time, to December 14, 2021, to respond to Sandefur's petition. (ECF No. 13 at 1.) Respondents' counsel states that the extension of time is necessary because the state court records are voluminous, and the nature of Respondents' response depends on the

ruling on the Motion for Clarification. (*Id*. at 2.) The Court finds that the Motion for Enlargement of Time is made in good faith and not solely for the purpose of delay, and that good cause exists for the extension of time.

It is therefore ordered that Respondents' Motion for Clarification (ECF No. 15) is granted. The Court provides the clarification requested by Respondents above.

It is further ordered that Respondents' Motion for Enlargement of Time (ECF No. 13) is granted. Respondents will have until and including December 14, 2021, to respond to the habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered July 2, 2021 (ECF No. 9) will remain in effect. Under that scheduling order (ECF No. 9), Sandefur will have 60 days to file either a reply to an answer or a response to a motion to dismiss, whichever is applicable.

DATED THIS 20th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE